COMMONWEALTH *vs.* JOHN COLLIGAN.

Norfolk.    January 30, 1893. — February 28, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Assaulting Officer in Discharge of Duty — Trial.*

At the trial of a complaint for an assault upon an officer while in the discharge of his duty, the officer testified, without objection, that he was assaulted while attempting to arrest the defendant; and that he had a capias at that time, and so stated to the defendant. The capias was not produced by the government, although called for by the defendant. The judge refused to rule, as requested by the defendant, that, in the absence of the capias, the evidence for the government did not sustain the complaint. *Held,* that the defendant had no ground of exception.

COMPLAINT to the District Court of East Norfolk, for an assault and battery upon George O. Langley, while in the discharge of his duty as a constable.

At the trial in the Superior Court, before *Sherman*, J., the government introduced the evidence of Langley, who testified, among other things, substantially as follows: " I went to the court and got a capias, and went to arrest the defendant, and,

while attempting to make the arrest, the defendant made an assault on me." On cross-examination, the witness was asked if he stated that he had a capias when he made the arrest, and he replied, " I did." He was then asked to produce it, or a copy of it, to which he replied, " It is in the lower court." The government failing to put in the capias, the defendant asked the judge to rule that, in the absence of the capias, the evidence for the government did not sustain the complaint. The judge refused so to rule; and the defendant excepted.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. E. Tirrell,* for the defendant.

*C. N. Harris,* Second Assistant Attorney General, for the Commonwealth.

HOLMES, J. The fact that the officer had a document with him when he made the arrest was matter *in pais,* and ordinarily would be testified to, as it was in this case, by words identifying the instrument. If the identification of it by parol as a capias, and the implication that it ran against the defendant, in extreme strictness, could have been objected to as reciting the contents of the writ, no such objection was taken, and the case could not be taken from the jury at a later stage because the capias was not produced. *Niles* v. *Patch,* 13 Gray, 254, 259.

*Exceptions overruled.*